# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | | |
|---|---|---|
| **KEVIN G. WIGGINS,** | : | **MOTION TO VACATE** |
| Movant, | : | **28 U.S.C. § 2255** |
| | : | |
| v. | : | **CRIMINAL NO.** |
| | : | **1:07-CR-0053-WBH-AJB-1** |
| **UNITED STATES OF AMERICA,** | : | |
| Respondent. | : | **CIVIL ACTION FILE NO.** |
| | : | **1:09-CV-2002-WBH-AJB** |

## ORDER FOR SERVICE OF REPORT AND RECOMMENDATION
## OF UNITED STATES MAGISTRATE JUDGE

Attached is the report and recommendation of the United States Magistrate Judge made in accordance with 28 U.S.C. § 636(b)(1) and this Court's Local Rule 72. Let the same be filed and a copy, with a copy of this order, be served upon counsel for the parties, or if a party is not represented, then directly upon said party.

Each party may file written objections, if any, to the report and recommendation within fourteen (14) days of receipt of this order. 28 U.S.C. § 636(b)(1). Should objections be filed, they shall specify with particularity the alleged error(s) made (including reference by page number to the transcript if applicable) and shall be served upon the opposing party. The party filing objections will be responsible for obtaining and filing the transcript of any evidentiary hearing for review by the district court. If

no objections are filed, the report and recommendation may be adopted as the opinion and order of the district court and any appellate review of factual findings will be limited to a plain error review. *United States v. Slay*, 714 F.2d 1093 (11th Cir. 1983).

The Clerk is **DIRECTED** to submit the report and recommendation with objections, if any, to the district court after expiration of the above time period.

**IT IS SO ORDERED and DIRECTED**, this   22d   day of   February  , 2011.

ALAN J. BAVERMAN
UNITED STATES MAGISTRATE JUDGE

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| **KEVIN G. WIGGINS,** | : | **MOTION TO VACATE** |
| Movant, | : | **28 U.S.C. § 2255** |
| | : | |
| v. | : | **CRIMINAL NO.** |
| | : | **1:07-CR-0053-WBH-AJB-1** |
| **UNITED STATES OF AMERICA,** | : | |
| Respondent. | : | **CIVIL ACTION FILE NO.** |
| | : | **1:09-CV-2002-WBH-AJB** |

### UNITED STATES MAGISTRATE JUDGE'S
### ORDER AND FINAL REPORT AND RECOMMENDATION

This matter was submitted to the undersigned Magistrate Judge to consider only whether Movant's trial counsel was ineffective for failing to file a notice of appeal. The undersigned conducted an evidentiary hearing on November 16 and 17, 2010, and permitted the parties to file post-hearing briefs with Movant's initial brief due on or before January 4, 2011. (Docs. 199, 201, 204). On January 6, 2011, Movant filed a motion for a ten-day extension to submit his initial brief and then filed his brief on the following day. (Docs. 206-07). Movant's request for a ten-day extension, (Doc. 206), is hereby **GRANTED**, and his post-hearing brief is deemed timely filed. Having considered the motion, the evidence presented at the hearing, and Movant's post-hearing brief, the undersigned finds that Movant has not shown that his counsel's performance was deficient for failing to file a notice of appeal.

I.     **Procedural History**

A federal grand jury charged Movant in a 64-count indictment with an extensive mortgage fraud scheme, including: conspiracy to defraud the United States, in violation of 18 U.S.C. § 371 (Count One); bank fraud, in violation of 18 U.S.C. § 1344 (Counts Two through Eight); wire fraud, in violation of 18 U.S.C. § 1343 (Counts Nine through Thirty-Nine); and money laundering, in violation of 18 U.S.C. § 1957 (Counts Forty through Sixty-Four).  (Doc. 1).  On October 17, 2007, Movant pled guilty to Counts One, Nine, and Ten, pursuant to a negotiated plea agreement. (Docs. 77, 100).  As part of his plea agreement, Movant waived his right to appeal in all but two limited circumstances: (1) if his sentence exceeds the applicable sentencing guideline range or (2) the Government appeals.  (Doc. 77, plea agreement ¶ 13).

At the July 29, 2008 sentencing hearing, the Court found that Movant's Guideline range was 97 to 121 months and sentenced him to 100 months of imprisonment.  (Doc. 123; Doc. 136 at 81-82).  The District Court advised Movant of his right to appeal.  (Doc. 146 at 86).  Movant did not appeal, but filed this motion to vacate his sentence, arguing, among other things, that he received ineffective assistance of counsel when, despite being requested to do so, counsel failed to research whether

2

ineffective-assistance-of-counsel and prosecutorial misconduct claims survived the sentence-appeal waiver. (Doc. 144).

## II. <u>Summary of Relevant Evidentiary Hearing Testimony</u>

W. Matthew Dodge, Movant's trial counsel, testified that he discussed the appeal waiver provision of the plea agreement with Movant on several occasions before the guilty plea, including, but not limited to, a telephone conversation on September 26, 2007, and a meeting on September 28, 2007. (Doc. 204 at 8-17, 35). Mr. Dodge further stated that he spoke with Movant "countless times" prior to sentencing. (*Id.* at 23). Concerned that the Government might breach its agreement to advocate for less than ten victims, Mr. Dodge assured Movant that there would be consequences if that occurred, including a motion to withdraw the plea and raising the issue on appeal. (*Id.*). Mr. Dodge did not specifically discuss with Movant whether ineffective-assistance-of-counsel and prosecutorial misconduct claims survived the appeal waiver. (*Id.* at 25-26, 28-29, 33).

Even though Mr. Dodge did not believe that Movant had a "viable basis to appeal," he asked Movant immediately after sentencing whether Movant wanted to appeal the sentence, and Movant replied that he did not. (*Id.* at 46-48). Movant never directed Mr. Dodge to file a notice of appeal, and Mr. Dodge never refused to file an

3

appeal. (*Id.* at 128). Movant informed Mr. Dodge that "he was happy or satisfied with the sentence that he received and did not wish to file an appeal." (*Id.* at 129). Movant did not ask Mr. Dodge to research any appellate issues. (*Id.* at 132). Since Movant was granted voluntary surrender after sentencing, Movant was free to visit Mr. Dodge and had unlimited access to a telephone and email during the ten-day period for filing a notice of appeal. However, he did not visit, call, or email Mr. Dodge indicating that he had changed his mind and wanted to file an appeal. (*Id.* at 129-30). Had Movant made such a request, Mr. Dodge would have filed a notice of appeal. (*Id.* at 130).

Movant testified that shortly after sentencing, he asked Mr. Dodge what the Court meant when it advised him that he could appeal his sentence, and Mr. Dodge responded, "No . . . you signed an appeal waiver." (Doc. 204 at 178-79). Movant then asked Mr. Dodge whether other issues, such as "reasonableness," survived his appeal waiver, and Mr. Dodge stated "No, you can't file for that, . . . [b]ut there may be some things . . . that we can file. I'll check and see and I'll get back with you." (*Id.* at 179). Mr. Dodge did not follow up with Movant regarding whether he had any viable issues to appeal. (*Id.*).

On cross-examination, Movant stated that he exchanged approximately 200 to 300 emails with Mr. Dodge in this case, about 10 letters, and 15 to 20 telephone calls.

4

(*Id.* at 181-82). Following Movant's conversation with Mr. Dodge on the day of sentencing, he did not email, call, or write to Mr. Dodge until February of 2009. (*Id.* at 182). After sentencing and before Movant went to prison, he was free to meet with Mr. Dodge about appellate issues, send an email or letter, or telephone Mr. Dodge. (*Id.* at 186). Movant, however, did not contact Mr. Dodge until six months after sentencing. (*Id.* at 186-87).

During the case, Movant had between five and six personal meetings with Mr. Dodge. (Doc. 204 at 182). Movant recorded a number of these face-to-face meetings without Mr. Dodge's knowledge. (*Id.* at 172, 183, 187-88). Movant made between three and four such recordings on two different devices, one of which is now lost. (*Id.* at 183-84). Mike Hutcheson, the defense investigator, was present during one of these tape recorded conversations with Mr. Dodge, but was not told that the conversation was being recorded. (*Id.* at 187-88). Movant also taped a conversation with his probation officer without the officer's knowledge. (*Id.* at 190-91).

### III. Discussion

To show that counsel was ineffective for failing to file a notice of appeal, the defendant must demonstrate that counsel's failure was objectively unreasonable and prejudiced the defendant. *Roe v. Flores-Ortega*, 528 U.S. 470, 476-77 (2000). "[A]

5

lawyer who disregards specific instructions from the defendant to file a notice of appeal acts in a manner that is professionally unreasonable." *Id.* at 477. "At the other end of the spectrum, a defendant who explicitly tells his attorney *not* to file an appeal plainly cannot later complain that, by following his instructions, his counsel performed deficiently." *Id.* (emphasis in original).

The undersigned does not find credible Movant's testimony that despite his request to do so, Mr. Dodge did not research whether any issues survived the appeal waiver. Rather, the undersigned credits Mr. Dodge's testimony that Movant did not want to appeal because he was satisfied with his sentence and had no viable issues to raise on appeal. Movant was extensively involved in his own defense, prodding Mr. Dodge to investigate various matters about the case and posing questions to him. Moreover, his interest and involvement in the case was sophisticated not rudimentary. *see, e.g.,* Doc. 181-2 (July 25, 2008, email to Dodge from Movant, asking "Why has the P.O. [probation office] left in an enhancement that has been refuted by the prosecution? She has no basis for leaving that enhancement in because she has based that enhancement solely on the statement by [AUSA Gale] McKenzie, which, again, she has withdrawn[.]"); *see also* Doc. 194 at 4 (surreptitiously taped conversation with Dodge in which Movant asking for the sentencing transcript of

6

another mortgage fraud defendant so that the reasoning for the sentence in that case can be used to argue against sentencing disparity in Movant's case).

Further, until after he was sentenced, Movant freely and continuously communicated with Mr. Dodge. In light of Movant's constant communication with Mr. Dodge throughout his case and his secret taping of Mr. Dodge, the investigator, and his probation officer, it is simply not believable that Movant would wait six months, or even ten days, to follow up with Mr. Dodge regarding his alleged request for research about his appeal.

Moreover, Movant pleaded guilty, waived his right to appeal, and received a sentence near the low end of the Sentencing Guidelines range. (Doc. 77, plea agreement ¶ 13; Doc. 100; Doc. 123; and Doc. 136 at 81-82). Under these circumstances, it is unlikely that a rational defendant would want to appeal. *See Devine v. United States*, 520 F.3d 1286, 1288-89 (11th Cir. 2008). Accordingly, the undersigned finds, based on Mr. Dodge's more credible testimony, that Movant instructed Mr. Dodge not to file an appeal and cannot now complain that "by following his instructions, his counsel performed deficiently." *Roe*, 528 U.S. at 477.

7

**IV. Conclusion**

Movant's request for a ten-day extension, (Doc. 206), is hereby **GRANTED**, and his post-hearing brief is deemed timely filed. **IT IS HEREBY RECOMMENDED** that Movant be **DENIED** 28 U.S.C. § 2255 relief as to his claim that counsel was ineffective for failing to file a notice of appeal.

The Clerk is **DIRECTED** to terminate the referral to the assigned Magistrate Judge.

**IT IS SO ORDERED AND RECOMMENDED** this  22d  day of February, 2011.

**ALAN J. BAVERMAN
UNITED STATES MAGISTRATE JUDGE**

AO 72A
(Rev.8/82)